UNITED STATES of America

v.

Eric COOK, Appellant.

No. 09–3960.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Dec. 30, 2009.

Opinion filed: Jan. 25, 2010.

Almon S. Burke, Jr., Esq., Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Eric Cook, Lisbon, OH, pro se.

Before: Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Eric Cook, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Western District of Pennsylvania denying his motion for transcripts. We will affirm.

In 2003, Cook pleaded guilty in District Court to possession of a firearm by a convicted felon. He was sentenced to 62 months in prison and three years of super-

vised release. Cook was later released from prison, and, in 2008, he was arrested on drug-related charges. The Probation Office petitioned for Cook's arrest because he had violated the conditions of his supervised release. On May 21, 2009, the District Court held a hearing on the revocation of Cook's supervised release. The District Court found that Cook had violated the conditions of his supervised release and ordered that he serve 24 months in prison. Cook did not appeal.[1]

In September 2009, Cook filed a *pro se* motion requesting that a transcript of his revocation hearing be prepared and provided to him free of cost. Cook stated that he sought the transcript for purposes of preparing a motion pursuant to 28 U.S.C. § 2255 challenging the revocation of his supervised release. The District Court denied the motion, noting that there was nothing pending before the court at that time. This appeal followed.

Cook asserts that he has a valid ineffective assistance of counsel claim based upon counsel's failure to file a notice of appeal from the District Court's order revoking his supervised release. Cook contends that there is insufficient evidence supporting the revocation. Cook also asserts that counsel failed to challenge evidence presented at his hearing where a witness was not made available for cross-examination.

If Cook had filed a motion pursuant to 28 U.S.C. § 2255 raising his ineffective assistance of counsel claims and he was granted *in forma pauperis* status, the transcript would have been prepared at the government's expense only if the trial judge certified that the suit was not frivolous and that the transcript was needed to decide the issues presented. *See* 28

---

1. On July 28, 2009, Cook filed a motion for an extension of time to file a notice of appeal. The District Court denied the motion, explaining that the 30–day period that it was authorized to extend the time to appeal had passed.

U.S.C. § 753(f). The District Court did not abuse its discretion in denying Cook's motion for transcripts where there was no pending § 2255 motion and his motion for transcripts did not set forth the claims he wished to pursue.

Because this appeal does not raise a substantial question, we will affirm the District Court's order.